```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------

ANDREW U.D. STRAW,

               Plaintiff,        20-CV-3312 (JGK)

    - against -             MEMORANDUM OPINION
                                              AND ORDER

DENTONS US LLP, ET AL.,

               Defendants.

------------------------------------------------------------

**JOHN G. KOELTL**, District Judge:

    The pro se plaintiff brings this action against the defendants, Dentons US LLP, Kevin P. McGoff, Indiana University-McKinney School of Law, and Thompson West Publisher (Publisher of North Eastern Reporter). The plaintiff alleges that the defendants published language against his interest relating to the Indiana Supreme Court's decision to suspend the plaintiff from the practice of law for 180 days, Matter of Straw, 68 N.E.3d 1070, 1073 (Ind. 2017), and did so in retaliation for his work in support of the Americans with Disabilities Act ("ADA") and with the intent to inflict emotional distress. He seeks damages, an injunction to remove the defendants' language about him, and a declaratory judgement that, among other things, his past lawsuits were not frivolous.

I.

    The plaintiff filed this lawsuit on April 27, 2020 and was granted IFP status under 28 U.S.C. § 1915 on May 12, 2020. Dkt.

Nos. 1, 8. The case was assigned to Judge Stanton on June 11, 2020. That same day, the plaintiff filed a "Motion to Remove Judge," seeking the recusal of Judge Stanton and for the case to be reassigned "to another presiding judge who does not have a Marine Corps officer background." Dkt. No. 10, ¶ 4. The plaintiff stated that Judge Stanton had dismissed another case that he had brought, which had similar claims to this case and which was on appeal; he explained that he believed Judge Stanton would rule similarly in this case because of the Judge's Marine Corps background. Id. at ¶¶ 2-4. The plaintiff asserted that the Marine Corps and its officers had poisoned his family. Id. at ¶ 4. Also on June 11, 2020, Judge Stanton dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires a court to dismiss an IFP case if the action fails to state a claim on which relief may be granted. Dkt. No. 11. The Clerk entered judgment dismissing the complaint on June 11, 2020. Dkt. No. 12.

On June 18, 2020, the plaintiff filed an affidavit entitled "28 U.S.C. § 144 Affidavit to Remove Judge and Justifying His Orders of Dismissal Being Stricken." Dkt. No. 13. The plaintiff stated that Judge Stanton had dismissed his case again because Judge Stanton was "motivated by his biases." Id. at ¶ 5. The plaintiff states that he was born at Camp Lejeune, which was a Marine Corps base that was "toxically fouled by the U.S. Marine

2

Corps." Id. at ¶¶ 6-8. The plaintiff states that this poisoning left him disabled and caused his mother's death.

On June 29, 2020, the plaintiff filed a notice of appeal from Judge Stanton's dismissal dated June 11, 2020 and from the Judgment dismissing the plaintiff's complaint. Dkt. No. 14. Also on June 29, 2020, Judge Stanton granted the plaintiff's motions for recusal and for reconsideration of the dismissal of the complaint. Dkt. No. 15. In doing so, Judge Stanton interpreted the plaintiff's affidavit dated June 18, 2020 as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6). Id. at 1. Judge Stanton explained that he "did not wish to have [his] long-ago service as a Marine Corps officer a source of belief in a pro se litigant that his complaint was unfairly dismissed" and that "decent respect for the pro se litigant's core feelings" justified relief. Id. at 2. In granting the motion for reconsideration, Judge Stanton stated that "[f]or that purpose the case shall be reassigned to another judge by the court's random selection process." Id.

This Court was assigned the case on June 30, 2020.

**II.**

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs

3

v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). However, if a party files a timely motion to alter or amend judgment under Federal Rule of Civil Procedure 59 or for relief under Federal Rule of Civil Procedure 60, see Fed. R. App. P. 4(a)(4)(A)(iv) & (vi), and files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become effective until the order disposing of that motion is entered, see Fed. R. App. P. 4(a)(4)(B)(i). See also Banks v. Braun, No. 19-CV-6591, 2019 WL 6050426, at *1 (S.D.N.Y. Nov. 15, 2019). This principle applies even when the motion for reconsideration is filed after the notice of appeal. See Azkour v. Little Rest Twelve, No. 10-CV-4132, 2015 WL 1413620, at *1 (S.D.N.Y. Mar. 23, 2015); Smith v. City of New York, No. 12-CV-8131, 2014 WL 2575778, at *1 n.1 (S.D.N.Y. June 9, 2014) (citing Fed. R. App. P. 4, Advisory Committee Notes to 1993 Amendments, Note to Paragraph (a)(4)). A motion for reconsideration under Rule 59 must be made within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Under Appellate Rule 4(a)(4)(A)(vi), a Rule 60 motion must be filed no later than 28 days after judgment is entered.

The plaintiff's motion for reconsideration was timely under both Rules because the plaintiff filed his affidavit 7 days after the judgment was entered. Because Judge Stanton referred the case to another judge for the purpose of reconsidering the

dismissal of the compliant, the motion for reconsideration has not yet been disposed of. Furthermore, if the motion for reconsideration assigned to this Court were treated as a new motion for reconsideration, the notice of appeal would still be held in abeyance. Accordingly, under Appellate Rule 4(a)(4)(B), the notice of appeal has not yet become effective.

In the event that there is any doubt that the Court has jurisdiction, the Court construes the motion for reconsideration as a motion for an indicative ruling under Federal Rule of Civil Procedure 62.1. Rule 62.1 authorizes the Court to deny a motion that "the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a)(2); see also Darnell v. Pineiro, 849 F.3d 17, 28 n.7 (2d Cir. 2017). For the reasons stated below, the Court denies the motion for reconsideration.

### III.

The Court has carefully reviewed the plaintiff's application for reconsideration. Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation marks and citation omitted). To succeed on a motion for reconsideration under Rule 59(e), the movant must show "an intervening change of controlling law, the availability

5

of new evidence, or the need to correct a clear error or prevent manifest injustice*.*" Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983); Maksymowicz v. Weisman & Calderon, LLP, No. 14-CV-1125, 2014 WL 1760319, at *1 (S.D.N.Y. Feb. 2, 2014). Rule 60(b) sets forth the grounds by which a court, in its discretion, can rescind or amend a final judgment or order. Because the plaintiff is not asserting newly discovered evidence or other specific bases for relief, the movant's motion was appropriately classified as a motion under Rule 60(b)(6) for "any other reason that justifies relief." Minima v. New York City Dep't of Homeless Servs., No. 09-CV-1027, 2010 WL 176829, at *1 (S.D.N.Y. Jan. 19, 2010). To succeed on a motion for reconsideration under Rule 60(b)(6), the movant must show "extraordinary circumstances to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam). Moreover, "[t]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03-CV-2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (quotation marks omitted); see also Wellner v. City of New York, No. 16-CV-7032, 2019 WL 5538064, at *1 (S.D.N.Y. Oct. 25, 2019).

    The plaintiff has failed to make the necessary showing under Rule 59(e) or Rule 60(b)(6). The plaintiff has not presented any facts or law that Judge Stanton overlooked. The

dismissal was not made in error. Indeed, because Judge Stanton wished to give the plaintiff an independent review by another district court judge, this Court has independently reviewed the complaint and concludes that Judge Stanton's dismissal order dated June 11, 2020 was correct. In particular, and as Judge Stanton noted, the plaintiff is complaining about the publication of a decision by the Supreme Court of Indiana that the defendants had a First Amendment right to disseminate and describe. Dkt. No. 11 at 10-11. Moreover, the plaintiff has failed to allege a plausible claim for violation of the ADA or for the intentional infliction of emotional distress. There are no extraordinary circumstances warranting relief. On reconsideration, the plaintiff's complaint, filed IFP under 28 U.S.C. § 1951(a)(1), is again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**CONCLUSION**

The Court has considered all of the arguments raised in the papers. To the extent not specifically addressed, the arguments are either moot or without merit. This Court has reconsidered the dismissal of the complaint, and, on reconsideration, the plaintiff's complaint is again dismissed. The Clerk is respectfully directed to close the case.

Chambers will mail a copy of this Opinion to the pro se plaintiff at the address listed on the docket.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **July 11, 2020**

                                    /s/ John G. Koeltl
                                **John G. Koeltl**
                        **United States District Judge**