```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
ANDREW U.D. STRAW,

                    Plaintiff,           20-CV-3312 (JGK)

         - against -                     MEMORANDUM OPINION
                                         AND ORDER
DENTONS US LLP, ET AL.,

                    Defendants.
─────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

On July 11, 2020, this Court issued a Memorandum Opinion and Order dismissing the pro se plaintiff's complaint. Dkt. No. 16. On July 13, 2020, the plaintiff filed a "Motion to Remove Judge and Strike Dkt 16 Order," requesting that this case be assigned to another judge in this district because this Court's dismissal was sua sponte and was thus a deprivation of the plaintiff's due process rights. Dkt. No. 17.

As explained in the Memorandum Opinion dated July 11, 2020, Judge Stanton had previously dismissed the complaint on June 11, 2020, but granted the plaintiff's subsequent motions for recusal and for reconsideration of the dismissal of the complaint on June 29, 2020. Dkt. No. 15. Because Judge Stanton recused himself, the decision of whether the complaint should be dismissed on reconsideration was assigned to this Court. On reconsideration, this Court again dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on July 11, 2020.

Notwithstanding the fact that Section 1915 requires a court to dismiss an IFP case if the actions fails to state a claim on which relief may be granted, this Court's dismissal of the complaint was not sua sponte because the Court was deciding the plaintiff's motion for reconsideration of the dismissal of the complaint, pursuant to Judge Stanton's Order dated June 29, 2020.

The plaintiff filed a notice of appeal on June 29, 2020. Normally, the filing of the notice of appeal divests a district court of jurisdiction over aspects of the case involved in the appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). However, to the extent that the plaintiff's motion filed on July 13, 2020 is a motion for reconsideration under Federal Rules of Civil Procedure 59 or 60, the Court has jurisdiction to decide that motion pursuant to the Federal Rules of Appellate Procedure 4(a)(4)(A) and 4(a)(4)(B). The plaintiff has failed to provide any reasons why a motion for reconsideration should be granted under Rule 59(e), and no extraordinary circumstances exist to warrant relief under Rule 60(b)(6). See Maksymowicz v. Weisman & Calderon, LLP, No. 14-CV-1125, 2014 WL 1760319, at *1 (S.D.N.Y. Feb. 2, 2014) (judgment may be altered or amended under Rule 59(e) to prevent manifest injustice, correct errors of law or fact, or because of new evidence or an intervening change in controlling law); Old

Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (relief from an order under Rule 60(b)(6) requires a showing of extraordinary circumstances). To the extent that this Court does not have jurisdiction, the Court would deny the motion pursuant to Federal Rule of Civil Procedure 62.1 for the same reasons stated above.

To the extent that the plaintiff's motion filed on July 13, 2020 is a motion for recusal, the Court does not have jurisdiction over the motion. In any event, pursuant to Rule 62.1, the Court would deny the motion.

A judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). If "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal," or "a reasonable person, knowing all the facts, would question the judge's impartiality," recusal is warranted. United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted). The plaintiff has not presented any evidence of this Court's partiality and merely disagrees with the decision to dismiss the complaint. Disagreement with the decision of the Court is not a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or

partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal.").

## CONCLUSION

This Court has reconsidered the dismissal of the complaint by Order dated July 11, 2020, and, on reconsideration, the plaintiff's complaint is again dismissed. The Court also denies the plaintiff's motion for recusal dated July 13, 2020. The Clerk is respectfully directed to close the case.

Chambers will mail a copy of this Opinion to the pro se plaintiff at the address listed on the docket.

**SO ORDERED.**

**Dated:    New York, New York**
**         July 15, 2020**

                                    /s/ John G. Koeltl
                                 **John G. Koeltl**
                         **United States District Judge**